UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYSHON JENKINS,<br><br>            Plaintiff,<br><br><br><br>MONMOUTH COUNTY<br>CORRECTIONAL INSTITUTION,<br>et al.,<br><br>            Defendants. | Civil Action No. 10-4973 (GEB)<br><br>REPORT AND<br>RECOMMENDATION |

      This matter having been opened by the Court *sua sponte* based on Plaintiff Tyshon Jenkins' ("Plaintiff") failure to prosecute his case and failure to update his contact information with the Court; and the Court noting that on September 27 2010, the Complaint was received in this case [Docket Entry No. 1]; and the Court further noting that on October 4, 2010, the Complaint was filed and an Order granting Plaintiff *in forma pauperis* status was entered [Docket Entry No. 2]; and the Court further noting that on three occasions, October 8th, 12th, and 15th of 2010, this Order was sent to Plaintiff but was returned as "undeliverable" [Docket Entry Nos. 4, 5 and 6]; and the Court further noting that It, *sua sponte,* contacted the prison where Plaintiff was housed and upon learning that Plaintiff had been released, the Court scheduled an in-person Order to Show Cause hearing regarding why this matter should not be dismissed for Plaintiff's failure to comply with the Local Rules requiring that contact information remain current [Docket Entry No. 7]; and the Court further noting that the Order to Show Cause was mailed to Plaintiff's forwarding address provided by the prison at which Plaintiff was formerly housed, and said Order reminded him of his obligation to update his contact information with the Court pursuant to Local Civil Rule 10.1 and advised him that failure

to comply could result in sanctions; and the Court further noting that this Order, too, was returned as "undeliverable" on March 15, 2011 [Docket Entry No. 8]; and the Court further noting that on the set date for the Order to Show Cause hearing, namely, April 4, 2011, not surprisingly, Plaintiff failed to appear; and the Court finally noting that since the filing of the Complaint on September 27, 2010, no correspondence or contact from Plaintiff has been received; and the Court finding that FED.R.CIV.P. 37(b)(2)(C) authorizes the Court to dismiss an action as a result of a party's failure to obey an Order entered under Rule 26(f); and the Court further finding that dismissal of an action pursuant to Rule 37(b)(2) is a matter entrusted to the discretion of the trial court (*Curtis T. Bedwell and Sons, Inc. v. Int'l Fid. Ins. Co.,* 843 F.2d 683, 691 (3d Cir. 1988)); and the Court finding that although a "Rule 37(b)(2)(C) dismissal is a serious sanction, [i]n certain cases, it is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses" (*Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988)); and the Court finding that when determining whether dismissal is appropriate under FED.R.CIV.P. 37(b)(2)(C), the test outlined in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1988) is to be applied (*see Anchorage Assoc. v. V.I. Bd. of Tax Review*, 922 F.2d 168 (3d Cir. 1990)(holding that a Court may consider the *Poulis* factors when determining a motion to dismiss pursuant to Fed.R.Civ.P. 37(b)(2)(C))); and the Court finding that under *Poulis*, the Court must weigh (1) the extent of a party's responsibility, (2) the prejudice to the adversary caused by the party's actions or inactions, (3) a history of dilatoriness, (4) whether the conduct of the party was willful or in bad faith, (5) the effectiveness of sanctions other than dismissal, and (6) the merit of the claim or defense (*Poulis*, 747 F.2d at 868); but the Court noting that while all factors must be considered, not all "need be met for a district court to find dismissal is warranted" (*Hicks v. Feeney*, 850 F.2d at 156); and the Court further finding that Plaintiff is solely

responsible for his failure to provide even the most basic information to the Court; and the Court further finding that Plaintiff's behavior in prosecuting his case not only evinces a history of dilatoriness, but also suggests that he has lost interest and simply no longer cares about this matter given that no contact has been made since the filing of the Complaint over six months ago; and the Court further finding that although it is unable to assert that Plaintiff's inaction has been a result of bad faith, it is clear that his failure to participate in his case is at least knowing, if not willful; and the Court further finding that although dismissal as a sanction should be one of last resort, no lesser alternative exists based on Plaintiff's demonstrated lack of interest in proceeding at all; and the Court further finding that even if It concluded that Plaintiff's allegations as proffered in the Complaint would support recovery if established at trial (*see Poulis*, 747 F.2d at 870), the other factors outlined in *Poulis* weigh heavily in favor of dismissal; and this matter having been considered pursuant to FED.R.CIV.P. 78; and for good cause shown,

IT IS on this 4th day of April, 2011, hereby

RECOMMENDED that the instant Complaint be DISMISSED for Plaintiff's failure to prosecute the matter or comply with Court rules; and it is further

ORDERED that the Clerk's Office shall send a copy of this Report and Recommendation to Plaintiff with return receipt requested to the below addresses:

>  Mr. Tyshon Jenkins
>  215 DeWitt Avenue
>  Asbury Park, NJ 07712

>  s/    Tonianne J. Bongiovanni
>  **HONORABLE TONIANNE J. BONGIOVANNI**
>  **UNITED STATE MAGISTRATE JUDGE**